

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,889-01

### EX PARTE FELIX JAVIER IRIZARRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1382346-A IN THE 228TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

#### O R D E R

Applicant was convicted of injury to a child and sentenced to twenty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Irizarry v. State*, No. 14-14-00827-CR (Tex. App.—Houston [14th Dist.] May 24, 2016) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he did not preserve error relating to hearsay. In its findings of fact, the trial court found that Applicant did not carry his burden to prove ineffective assistance. However, Applicant specifically alleged that the only evidence identifying him as the actor was inadmissible hearsay. Applicant has alleged facts that, if

true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008). Accordingly, the record should be developed further. The trial court is the appropriate forum for findings of fact and has entered findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If necessary to its supplemental fact finding, the trial court shall order trial counsel to file a supplemental response to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law addressing Applicant's claim that counsel did not preserve error relating to the admission of hearsay testimony. The trial court shall make specific findings addressing Applicant's claim that statements purporting to identify him as the perpetrator of the offense were not admissible under Texas Rule of Evidence 803(4) and that counsel was ineffective for not preserving error. The trial court may make any other supplemental findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:          February 12, 2020
Do not publish